IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA (U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT)<br><br>　　　　Plaintiff<br><br>　　　　v.<br><br>JOHN DOE AND RICHARD ROE as those unknown persons who may be the holders of the lost mortgage note or have any interest in this proceeding,<br><br>　　　　Defendants | CIVIL NO.  05-1386(DRD)<br><br>ACTION FOR CANCELLATION OF A LOST NOTE **(Artemio Alvarado Rivera and Amelia Medina Marrero)** |

JUDGMENT BY DEFAULT

Upon plaintiff's motion for judgment, and it appearing to the Court that the defendants were duly served by publication pursuant to order of this Court and notice published in the newspaper during the day of June 8, 15, 22, 29, 2005 and July 6 and 13, 2005 as per verified statement filed with the Clerk of this Court and pursuant to Rule 4 of the Rules of Civil Procedure of Puerto Rico, as required by Article 82 of the Mortgage Law (30 L.P.R.A. 156) wherein the defendants were ordered to appear and answer the Complaint and it appearing to the Court that none of the defendants has appeared or answered the Complaint, after due deliberation and consideration, the Court makes the following:

**FINDINGS OF FACTS**

1.　That on or before December 17, 1982, Artemio Alvarado Rivera and Amelia Medina Marrero, received from the United States of America, acting through the U.S. Department of Housing and Urban

Development, a loan in the amount of $39,000.00 on the property described at paragraph 3 below.

2. That in evidence of the money lent by the plaintiff, United States of America, Artemio Alvarado Rivera and Amelia Medina Marrero, executed in favor of the plaintiff a promissory note dated December 17, 1982, in the amount of $39,000.00 at 12% interests rate, payable to George Romney, Secretary of Housing and Urban Development.

3. That to secure the payment of said promissory note, Artemio Alvarado Rivera and Amelia Medina Marrero executed a First Mortgage in favor of the plaintiff, United States of America, on December 17, 1982, by First Mortgage Deed No. 868 before Notary Public Miguel García Suarez, over the following described property:

> "RUSTICA: Parcel of land marked with number three (3) of the Inscription Plan, located at Morovis Sur Ward of the Municipality of Morovis, Puerto Rico, with an area of SIX HUNDRED EIGHTY FIVE SQUARE METERS AND SEVENTY SEVEN SQUARE CENTIMETERS (685.77) bounding by the NORTH with the mainland property of Julio Alvarado Burgos; by the SOUTH with Road number six hundred seventeen; by the EAST with parcel number two; and by the WEST with parcel number four of the Inscription Plan.
>
> Over this lot there is a concrete house for residential purpose."

4. That the aforementioned First Mortgage Deed executed in favor of the plaintiff, is duly recorded in the Registry of Property of Manatí, at page 126rs, volume 96, of Morovis, Property No. 6357, where said mortgage appears in full force and effect.

5. That according to information received from the U.S. Department of Housing and Urban Development, the promissory note of $39,000.00 dated December 17, 1982, described in paragraph 2 above, while in possession of and under the custody of said agency, was apparently lost, misplaced or destroyed and although a thorough search has been made, it has been unable to find or locate said note.

6. That under Articles 132 and 134 of the Mortgage and Property Act, Law 198 of 1979 as amended (30 LPRA 2456 and 2458), and 28 U.S.C. §1655 when a mortgage note has been lost as alleged above, the mortgage may be canceled of record by the Registrar of Property only by judicial decree obtained by a court of competent jurisdiction in a civil proceeding such as authorized by the code of Civil Procedure of Puerto Rico, in which the court decrees that the mortgage obligation is extinguished.

7. That indebtedness assumed by Artemio Alvarado Rivera and Amelia Medina Marrero to the plaintiff, United States of America, has been paid in full.

## CONCLUSIONS OF LAW

Articles 132 and 134 of the Mortgage Law of 1979 as amended (30 LPRA 2436 and 2458) provides that when a mortgage note has been lost, the mortgage may be canceled by the Registrar of the Property only by judicial decree obtained by a court of competent jurisdiction in a civil proceeding such as authorized by the Code

of Civil Procedure of Puerto Rico, in which the court decrees that the mortgage obligation is extinguished.

**WHEREFORE, IT IS ORDERED**

(1) That judgement be entered against the defendants herein declaring that the aforementioned mortgage obligation is extinguished.

(2) That the promissory note in the amount of $39,000.00 of principal with interest at the rate of 12% per annum, on the unpaid balance executed by Artemio Alvarado Rivera and his wife Amelia Medina Marrero on December 17, 1982, the possession of whomsoever if may now be or become in the future, is hereby declared null and void, and therefore canceled.

(3) That the Registrar of Property of Manatí, Puerto Rico, cancel and nullify the real estate voluntary mortgage executed by Artemio Alvarado Rivera and his wife Amelia Medina Marrero, to secure the payment of the promissory note above described and referred to in paragraphs 4 and 5 of the Complaint, constituted by the terms of Voluntary Mortgage Deed No. 868, executed before Notary Public Miguel García Suarez on December 17, 1982, and which was recorded in the Registry of Property of Manatí, Puerto Rico, at page 126rs, volume 96 of Morovis, Puerto Rico, property number 6357.

In San Juan, Puerto Rico, this 22 day of September, 2005.

_____
UNITED STATES DISTRICT COURT